UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAELEN M. R. WRIGHT,

           Plaintiff,

v.                                      ACTION NO. 4:17cv128

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

           Defendant.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendant Nancy A. Berryhill's ("Berryhill") motion to dismiss, filed on January 2, 2018. ECF No. 10. An order of reference dated January 26, 2018 assigned this matter to the undersigned. ECF No. 14. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby recommended that Berryhill's motion to dismiss be GRANTED and the complaint be DISMISSED WITHOUT PREJUDICE to plaintiff Jaelen M. R. Wright seeking judicial review, including review of his constitutional claims, after his administrative appeal is complete.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Jaelen M. R. Wright ("Wright") filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on September 23, 1996. ECF No. 11-1 at 2.

Due to a determination that Wright was disabled on the application date, Wright has been receiving SSI benefits since that time. *Id.* at 2–3, 12.

In May 2014, a redetermination of Wright's entitlement to SSI was initiated by the Social Security Administration ("SSA"). *Id.* at 12. By a letter dated June 17, 2014, the SSA notified Wright that he had been overpaid $10,551.07 in SSI from November 1, 2012 through June 1, 2014, due to incorrect information regarding Wright's income. *Id.* at 3–8. The amount of the overpayment was later decreased to $9,376.07. *Id.* at 12. Wright requested a waiver[1] of recovery of the overpayment, which was denied initially on August 21, 2014, and upon reconsideration on November 4, 2014. *Id.*

Following Wright's move to Richmond, the Richmond office of the SSA initiated a second redetermination of Wright's entitlement to SSI. *Id.* Wright again requested a waiver of recovery of the overpayment, and the request was denied. *Id.* An administrative law judge ("ALJ") heard the matter and issued a decision on August 25, 2017, denying Wright's request for a waiver. *Id.* at 3, 9–15. Wright requested review of this decision by the Appeals Council on September 11, 2017. *Id.* at 16–21.

Wright then commenced this action by filing a *pro se* motion for leave to proceed *in forma pauperis* on October 18, 2017. ECF No. 1. The motion was granted and Wright's complaint was filed on November 2, 2017, ECF Nos. 4, 5, while his request for review of the ALJ's decision was still pending with the Appeals Council, ECF No. 11-1 at 3.

On January 2, 2018, Berryhill filed a motion to dismiss the complaint, due to Wright's failure to exhaust his administrative remedies, with a supporting memorandum. ECF Nos. 10–11. This motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*,

---

[1] A waiver of repayment may be granted when a claimant is without fault in connection with the overpayment. *See* 20 C.F.R. §§ 416.550, 416.551.

2

528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Wright with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 12. Wright has not filed a response to the motion to dismiss, and the time for filing has expired. This matter is now ripe for decision.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to challenge a complaint on the ground that a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden to prove that the court has subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* In considering a motion to dismiss under Rule 12(b)(1), a court may consider evidence extrinsic to the complaint, such as the declaration and attachments to Berryhill's memorandum in this case. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A court must construe the pleadings of a *pro se* plaintiff liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); however, when considering a motion to dismiss, a court must evaluate the *pro se* plaintiff's pleadings according to the standards set forth in the Federal Rules of Civil Procedure. *T.W. v. Hanover Cty. Pub. Sch.*, 900 F. Supp. 2d 659, 663 (E.D. Va. 2012) (citation omitted). The Court may not act as the litigant's advocate and construct legal arguments that the plaintiff has not made. *Id.* (citing *Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir.1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985)).

3

### III. ANALYSIS

Berryhill argues that this Court should dismiss Wright's complaint, because Wright failed to exhaust his administrative remedies. ECF No. 11 at 1–6. Berryhill further argues that the Court does not have jurisdiction to award Wright monetary damages, and Wright has failed to allege a constitutional violation. *Id.* at 6–8.

Wright's appeal of the ALJ's decision is still under review by the Appeals Council, and there is no final decision subject to judicial review. Congress has prescribed the procedure for judicial review in the United States District Courts of an adverse decision under the Social Security Act ("Act"):

> Any individual, *after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). "The term 'final decision' is . . . undefined by the Act, [and] its meaning is left to the Secretary to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Under the Social Security regulations, a "final decision" is only reached after a plaintiff completes a four-step administrative review process, comprised of: (1) initial determination, (2) reconsideration, (3) decision of an administrative law judge following a hearing, and (4) review by the Appeals Council. *See* 20 C.F.R. § 416.1400(a).

Wright's request for a waiver of recovery of the overpayment is currently pending before the Appeals Council, and the ALJ's denial of his request is not a final decision capable of judicial review. *See Salfi*, 422 U.S. at 766 (finding that "a 'final decision' is a statutorily

specified jurisdictional prerequisite" to judicial review). Once Wright has completed that administrative review process, he will be "entitled to seek judicial review, including review of constitutional claims." *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) (citing 42 U.S.C. §§ 405(g), 421(d)). Accordingly, Wright's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that Berryhill's motion to dismiss, ECF No. 10, be GRANTED and this case be DISMISSED WITHOUT PREJUDICE to Wright seeking judicial review once his administrative review process is complete.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 26, 2018