IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

JAELEN M. R. WRIGHT,

    Plaintiff,

v.                                                         CIVIL NO. 4:17-cv-128

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## FINAL ORDER

This matter comes before the Court on the Report and Recommendation of the United States Magistrate Judge with respect to Defendant Nancy A. Berryhill's motion to dismiss Plaintiff's complaint. See ECF No. 16. For the reasons below, the Court hereby **ADOPTS** such Report and Recommendation, **GRANTS** Defendant's motion to dismiss, ECF No. 10, and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** to the Plaintiff seeking judicial review of this matter after his administrative appeal has concluded.

### I.    BACKGROUND

Jaelen M. R. Wright ("Plaintiff") has been receiving certain disability benefits, known as Supplemental Security Income ("SSI"), pursuant to Title XVI of the Social Security Act since September 23, 1996. See Declaration of Marie Cousins ("Cousins Decl."), ECF No. 11-1 ¶ 3(a).[1] In 2014, the Social Security Administration ("SSA") determined that Plaintiff was overpaid more than $9,000 in SSI between November 1, 2012, and June 1, 2014, due to underreporting of

---

[1] Ms. Cousins avers in her declaration that she is the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Id. at 1. The Defendant submitted her declaration in support of the Defendant's motion to dismiss in this case. ECF No. 11-1. The Court cites to such declaration herein only for purposes of setting forth certain undisputed facts with respect to Defendant's case file with the Social Security Administration.

1

Plaintiff's income. Ex. 2 to Cousins Decl., ECF No. 11-1 at 12. Plaintiff requested a waiver[2] of repayment with respect to these funds on multiple occasions, but his requests were denied. Id. An administrative law judge ("ALJ") ultimately heard the matter and issued a decision on August 25, 2017, denying Plaintiff's request for a waiver. Id. at 15. Plaintiff then sought review of the ALJ's decision by the Appeals Council on September 11, 2017. Ex. 3 to Cousins Decl., ECF No. 11-1 at 16–23.

While this request was still pending before the Appeals Council, Plaintiff, proceeding pro se, commenced the instant action on October 18, 2017. ECF No. 1. His complaint alleges that the SSA violated his rights in connection with its 2014 overpayment determination, its subsequent demands for payment, and its refusal to give Plaintiff a waiver of overpayment. ECF No. 5.

On January 2, 2018, Defendant Berryhill filed a motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. ECF No. 10; see Supporting Memorandum ("Mem."), ECF No. 11. Plaintiff did not respond to Defendant's motion to dismiss despite being duly notified pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K). The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b) for a report and recommendation. ECF No. 14.

On February 26, 2018, the Magistrate Judge filed his Report and Recommendation, which recommends that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction because Plaintiff's request for review by the Appeals Council is still pending. ECF No. 16 at 4–5. By copy of this Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge and was further advised that the district court would conduct a de novo review of any portions of such

---

[2] A waiver of repayment may be granted when the claimant is without fault in connection with the overpayment. See 20 C.F.R. §§ 416.550, 416.551.

2

report to which timely objection is made. Id. at 5. After receiving an extension of time, Plaintiff filed a purported objection to the report, and Defendant filed a response thereafter. ECF Nos. 19 and 20. Plaintiff's purported objection is now before the Court.

## II. STANDARD OF REVIEW

After the Magistrate Judge's Report and Recommendation is filed with the Court, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). In such event, the district court need only review the magistrate's report and recommendation for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

## III. DISCUSSION

In this case, the Magistrate Judge found in his report that this Court lacks jurisdiction over Plaintiff's complaint because it was filed when Plaintiff's administrative request for review of the ALJ's decision was still pending with the Appeals Council. ECF No. 16. The Magistrate Judge reasoned that the Court only has jurisdiction to review a "final decision of the Commissioner of Social Security," 42 U.S.C. § 405(g), and such decisions are only final after review by the Appeals Council is complete. Id. at 4 (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975), and 20 C.F.R. § 416.1400(a)).

3

Plaintiff's purported objections to the Report and Recommendation do not address any of the Magistrate Judge's findings or recommendations in the report. ECF No. 19. Specifically, Plaintiff does not dispute that Plaintiff filed a request to review that ALJ's decision with the Appeals Council or that such request is still pending. Id. Nor does he assert that the Court does, in fact, have subject matter jurisdiction to hear his complaint despite the Magistrate Judge's finding to the contrary. Id. Rather, Plaintiff's objection merely realleges that the SSA violated his statutory and constitutional rights in connection with its 2014 overpayment determination. Id.

As set forth above, because Plaintiff has failed to identify any specific error in the Magistrate Judge's Report and Recommendation, the Court need only review such report for clear error. Allen, 245 F. Supp. at 788. After reviewing same, along with the filings and record of this case, the Court does not find any error in the Magistrate Judge's findings and recommendations.

## IV. CONCLUSION

Therefore, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, ECF No. 16; **GRANTS** the Defendant's Motion to Dismiss, ECF No. 10; and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** to Plaintiff seeking judicial review of this matter after his administrative appeal has completed.

The Clerk is **DIRECTED** to forward a copy of this Final Order to the Plaintiff and to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 18, 2018